IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EDWARD DANE JEFFUS,

    Petitioner,
v.                                                         CASE NO. 4:17-cv-542-RH-GRJ

SECRETARY, FLA. DEPT. OF
CORRECTIONS,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, an inmate presently confined at Franklin CI, initiated this case by filing a ECF No. 1, a *pro se* petition for a writ of habeas corpus. The Petition challenges Petitioner's 1995 conviction and sentence imposed in Brevard County, Florida, for a controlled-substance offense. ECF No. 1. Petitioner failed to either pay the $5.00 habeas corpus filing fee or file a motion for leave to proceed as a pauper. Petitioner also seeks leave to exceed the page limits imposed by this Court's local rules. ECF No. 3.

Petitioner has previously sought federal habeas corpus relief from his state conviction. *See Jeffus v. Sec'y, DOC*, Case No. 6:98-cv-751-Orl-22JGG (M.D. Fla. 1999) (dismissing petition with prejudice). Petitioner unsuccessfully sought to file a second petition in the Middle District. *See Jeffus v. Sec'y, DOC*, Case No. 6:11-cv-1791-Orl-19GJK (M.D. Fla. 2011)

(dismissing petition without prejudice because Petitioner had not obtained authorization from the Court of Appeals to file a second or successive petition).

In order to file a second or successive § 2254 petition a petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); *see also Jordan v. Secretary, Dep't of Corrections*, 485 F.3d 1351, 1353 (11th Cir. 2007) (requiring petitioner to obtain order from appellate court prior to filing second or successive § 2254 petition after first habeas petition was dismissed as untimely). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Petitioner has not demonstrated that he has obtained the requisite authorization from the Eleventh Circuit to file a successive habeas petition, nor does this Court's review of the PACER case index reflect that he has done so. Accordingly, this Court lacks authority to consider his Petition.

Accordingly, it is **ORDERED** that Petitioner's motion for leave to

exceed the page limitation, ECF No. 3, is **MOOT**.

It is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, be **DISMISSED** for lack of jurisdiction and the Clerk be directed to send Petitioner the forms necessary to seek authorization from the Court of Appeals to file a second or successive petition.

**IN CHAMBERS** this 5th day of December 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.