# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

EDWARD DANE JEFFUS,

       Petitioner,

v.                          CASE NO.  4:17cv542-RH/GRJ

SECRETARY, FLA. DEPT. OF
CORRECTIONS,

       Respondent.

_____/


## ORDER DISMISSING THE PETITION AND
## DENYING A CERTIFICATE OF APPEALABILITY


The petitioner Edward Dane Jeffus challenges his 1995 Florida state-court conviction and sentence. He seeks relief that would be available, if at all, under 28 U.S.C. § 2254. He filed and lost on the merits long ago a § 2254 petition in the Middle District of Florida—the district where the state court of conviction is located.

The current petition is before the court on the magistrate judge's report and recommendation, ECF No. 6, and the objections, ECF No. 7. I have reviewed de novo the issues raised by the objections.

The report and recommendation correctly concludes that the petition must be dismissed based on the statutory limits on second or successive petitions.

Mr. Jeffus says his petition is not second or successive, but he does not deny that he filed a prior petition in the Middle District of Florida challenging the same state-court judgment—the same conviction and sentence—and that the petition was denied on the merits. Indeed, a later Middle District petition was dismissed as second or successive.

The magistrate judge took judicial notice of the Middle District proceedings. In his objections, Mr. Jeffus could have but did not challenge the propriety of taking notice or the nature of the noticed information. *See* Fed. R. Evid. 201(b)(2) (allowing notice of a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); Fed. R. Evid. 201(d) (allowing notice to be taken "at any stage of the proceeding"); Fed. R. Evid. 201(e) (allowing notice before or after notifying a party and providing that, either way, a party "is entitled to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed"). If Mr. Jeffus contends the court cannot properly take judicial notice of the Middle District proceeding or that the record of that proceeding does not show that he lost on the merits a challenge to the same 1995 conviction involved in this proceeding, he may move to alter or amend the judgment that will be entered based on this order.

Under 28 U.S.C. § 2244(b)(1), a claim presented in a second or successive § 2254 petition that was presented in a prior petition must be dismissed. Under § 2244(b)(2), a claim presented in a second or successive petition that was *not* presented in a prior petition may go forward only if (a) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or (b) the factual predicate of the claim could not have been discovered previously through diligence and would be sufficient to show no reasonable factfinder would have found the petitioner guilty.

In his objections, Mr. Jeffus says he did not present his current claims in his first petition, and he asserts—in terms long on rhetoric but wholly lacking in factual or legal support—that he has met the § 2244(b)(2) conditions for presenting his claims in a second or successive petition.

Even if Mr. Jeffus had met the § 2244(b)(2) conditions—he has not— dismissal of the current petition still would be required. This is so based on § 2244(3)(A): "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Unless the court of appeals authorizes the district court to consider the second or successive petition, the district court cannot do so. The Eleventh Circuit has not authorized Mr. Jeffus to file a second or successive § 2254 petition. So whether or

not he has met the § 2244(b)(2) conditions—whether or not the Eleventh Circuit

would authorize a second or successive petition if asked to do so—the current

petition cannot go forward.

For these reasons and those set out in the report and recommendation, this

order dismisses the petition.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to

"issue or deny a certificate of appealability when it enters a final order adverse to

the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may

issue "only if the applicant has made a substantial showing of the denial of a

constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack

v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out

the standards applicable to a § 2254 petition on the merits). As the Court said in

*Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make
> a substantial showing of the denial of a constitutional right, a
> demonstration that, under *Barefoot*, includes showing that
> reasonable jurists could debate whether (or, for that matter, agree
> that) the petition should have been resolved in a different manner
> or that the issues presented were " 'adequate to deserve
> encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a

certificate of appealability when dismissal is based on procedural grounds, a

petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Jeffus has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied for lack of jurisdiction."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on January 2, 2018.

s/Robert L. Hinkle
United States District Judge